IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ROMERO,

     Plaintiff,                        No. _____

v.

ENSIGN UNITED STATES DRILLING (S.W.) INC.;
AND ENSIGN US SOUTHERN DRILLING LLC,

     Defendants.

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

To:    UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COME NOW Defendants, Ensign United States Drilling (S.W.) Inc. and Ensign US Southern Drilling LLC ("Defendants"), by and through their attorneys, Guebert Gentile & Piazza P.C. (Robert F. Gentile, and Clinton E. Dow), and pursuant to 28 U.S.C. § 1332, 1446 and D.N.M.LR-Civ. 81.1, moves this Court to allow removal of the above-entitled action to the United States District Court for the District of New Mexico.  As grounds therefore, Defendants state as follows:

1.      On July 29, 2022, Plaintiff's Complaint for Personal Injuries was filed in the First Judicial District Court, County of Santa Fe, State of New Mexico.  The case was docketed as Cause No. D-101-CV-2022-01346.  The Plaintiff is Juan Romero.  A copy of the Complaint is attached hereto as **Exhibit A**.

2.      Plaintiff Juan Romero is a resident of New Mexico. **Exhibit A,** Complaint ¶ 1.

3.      The Complaint names Ensign United States Drilling (S.W.) Inc. and Ensign US Southern Drilling LLC as the sole Defendants.  **Exhibit A.**

4.      Defendant Ensign United States Drilling (S.W.) is a foreign company incorporated in Colorado with its principal place of business in Houston, Texas.  Both locations are outside the State of New Mexico.

5.      Defendant Ensign US Southern Drilling LLC., is a foreign limited liability company incorporated in Delaware with its principal place of business in Houston, Texas. Defendant Ensign US Southern Drilling LLC.'s sole member-owner is Ensign United States Drilling Inc.  Ensign United States Drilling Inc., is a foreign company incorporated in Colorado with its principal place of business in LaSalle, Colorado, a location outside the State of New Mexico.

6.      Plaintiff asserts two claims against Defendants including: negligence *per se*, and negligence pursuant to *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.  *See generally* **Exhibit A,** Complaint ¶¶ 11-14.

## I.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

1.      "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §1446(b)(1).

2.      Defendants were served with the Complaint through their registered agent, CT Corporation System, by process server on September 21, 2022.

3.      As such, removal is timely and proper as it was performed within 30 days of the service of the Complaint, and it could be ascertained that the case was one that was removable. 28 U.S.C. § 1446(b)(3).

4.      Pursuant to 28 U.S.C. § 1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings served upon Defendants in the First Judicial District Court No. D-101-CV-2022-01346.  **Exhibit B**.

5.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the First Judicial District Court, Santa Fe County, New Mexico.

6.      Defendants are both companies that are incorporated and headquartered outside the State of New Mexico and is authorized to do business in the State of New Mexico.  The Complaint does not allege that either Defendants are citizens of New Mexico.

## II.    THIS COURT HAS TRADITIONAL DIVERSITY JURISDICTION OVER THIS ACTION.

### A.    Diversity Exists Between Plaintiff and Defendants.

1.      Defendant Ensign United States Drilling (S.W.) is a citizen of Colorado and Texas for the purposes of federal jurisdiction, as it is organized under the laws of Colorado, and its principal place of business is in Texas.  *See* 28 U.S.C. § 1332(c)(1). **Exhibit C,** Affidavit Marion Jerome, ¶ 3.

2.      Defendant Ensign US Southern Drilling LLC. is a citizen of Colorado, Delaware, and Texas for the purposes of federal jurisdiction. Defendant Ensign US Southern Drilling LLC.

is organized under the laws of Delaware, and its principal place of business is in Texas. *See* 28 U.S.C. § 1332(c)(1). Defendant Ensign US Southern Drilling LLC.'s sole member-owner is Ensign United States Drilling Inc. Ensign United States Drilling Inc. is a foreign company incorporated in Colorado with its principal place of business in LaSalle, Colorado, a location outside the State of New Mexico. **Exhibit C,** Affidavit Marion Jerome, ¶¶ 4, 5.

7.      Plaintiff is a citizen of New Mexico. **Exhibit A**, Complaint ¶ 1.

8.      Because Defendants are collectively citizens of Colorado, Delaware, and Texas for the purposes of federal jurisdiction and because Plaintiff is a citizen of the State of New Mexico, complete diversity exists between Defendants and Plaintiff.

**B.      The $75,000 Amount in Controversy is Satisfied.**

9.      "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…" 28 U.S.C. § 1446(c)(2).

10.      "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks …a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded…" 28 U.S.C. § 1446(c)(2)(A). Additionally, though, "removal of the action is proper on the basis of an amount in controversy asserted under subparagraphs (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

11.      For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the

allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)).

12.     To begin, the Complaint alleges that Plaintiff suffered a catastrophic head injury when he was violently struck in the head with a pipe.  Plaintiff asserts that he lost consciousness and sustained serious injuries to his brain, back, head, neck, shoulder, knees, ankles, and other parts of his body.  **Exhibit A,** Complaint ¶¶ 8-10.

13.     "In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Hanna v. Miller*, 163 F.Supp. 2d 1302, 1306 (D.N.M. 2001).

14.     Here, Plaintiff does not cap his damages in any way, and avoids making any stipulation that he is not seeking individual damages in excess of the $75,000 jurisdictional amount.  Plaintiff prays for an award in favor of Plaintiff to compensate him for past and future medical expenses, past and future pain and suffering, past and future economic loss from lost wages and/or reduced earning capacity, costs, punitive damages, and compensatory damages**.**  An examination of Plaintiff's claims established that Plaintiff has put far more than $75,000 in controversy.  **Exhibit D**, Affidavit Robert Gentile.

15.     The substance and nature of the allegations described in Plaintiff's Complaint, combined with Plaintiff's prayer for relief for damages is enough to satisfy the $75,000

requirement.  **Exhibit A,** Complaint ¶¶ 8-10, and Prayer for Relief; **Exhibit D**, Affidavit Robert Gentile.

16.     Plaintiff's demand for punitive damages, which must be considered to be part of the amount in controversy, independently satisfies the $75,000 threshold.  **Exhibit A**, Complaint ¶¶ 8-10, and Prayer for Relief. Adding Plaintiff's claims for compensatory damages, punitive damages, and costs, the amount in controversy for Plaintiff's claims certainly exceeds $75,000. **Exhibit D**, Affidavit Robert Gentile.

17.     Defendants reserve the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, this action is properly removed.

GUEBERT GENTILE & PIAZZA P.C.


By ____/s/ Clinton E. Dow_____
        Robert F. Gentile
        Clinton E. Dow
        P.O. Box 93880
        Albuquerque, NM 87199-3880
        (505) 823-2300
        rgentile@guebertlaw.com
        cdow@guebertlaw.com
        *Attorneys for Defendants*

This is to certify that on this 19th day of October 2020, the foregoing Notice of Removal to United States District Court for the District of New Mexico was filed electronically through the CM/ECF system and that I caused a copy of the same to be served by email:

Arnold & Itkin LLP
Jason Itkin
Texas Bar No. 24032461
Caj Boatright
Texas Bar No. 24036237
Roland Christensen
Texas Bar No. 24101222
Michael R. Darling
Texas Bar No. 24105778
Noah Wexler
NM Bar Roll: 149045
6009 Memorial Drive
Houston, Texas 770077
(713) 222-3800
jitkin@arnolditkin.com
cboatright@amolditkin.com
rchristensen@amolditkin.com
mdarling@amolditkin.com
lwexler@amolditkin.com
e-service@amolditkin.com
*Attorneys for Plaintiff*

*/s/ Clinton E. Dow*
Robert F. Gentile
Clinton E. Dow
*Attorneys for Defendants*

F:\Clients\0301.004\Pleadings\Federal\2022.10.17.Ensign.Notice of Removal.docx/krg